IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-222-CR




GILFRET HUNT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 104,056, HONORABLE JON N. WISSER, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. Tex. Penal Code Ann.
§ 22.021 (1989). The jury assessed punishment, enhanced by two previous felony convictions,
at imprisonment for life.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. Appellant availed himself of that right.


 In four pro se points of error, appellant argues that the judgment of conviction must
be reversed because of errors or omissions in the appellate record. In point one, appellant urges
that a portion of the testimony by the physician who examined the victim is missing. We have
carefully examined the statement of facts. The material to which we understand appellant to refer
was contained in the medical report prepared by the doctor and used by defense counsel during
cross-examination. This report was not offered in evidence. No reversible error is presented.

 In point two, appellant complains that the statement of facts does not contain a
pretrial hearing held November 2, 1990. At this hearing, the court considered appellant's motion
for discovery and inspection. The record reflects that this motion was granted in full, with two
exceptions. Appellant does not contend that either of the court's unfavorable rulings at this
hearing were error. Neither counsel nor appellant requested a transcription of the court reporter's
notes from this hearing. Again, no reversible error is presented.

 In his third point of error, appellant notes that the docket sheet reflects that the
State waived portions of the indictment, but that no formal waiver motion appears in the record. 
In point four, appellant states that the attorney questioning a witness is misidentified. Neither of
these points presents reversible error. 

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 22, 1992

[Do Not Publish]